UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY MICHAEL STREITLER, | NO. C12-1288-JLR-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JEFFREY UTTECHT, | |
| Respondent. | |

In his 28 U.S.C. § 2254 habeas petition, *pro se* petitioner Gary Michael Streitler alleges that the State presented insufficient evidence to support his jury-trial conviction for first-degree robbery because (1) there was insufficient proof that he took "personal property from the person of another," RCW § 9A.56.190, and (2) there was insufficient proof that he "inflict[ed] bodily injury," RCW § 9A.56.200. (Dkt. 6, at 5–7; Dkt. 17, at 1–3.) The Court recommends that Mr. Streitler's habeas petition be DENIED because it was objectively reasonable for the state courts to conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See* 28 U.S.C. § 2254(d)(1)–(2); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Mr. Streitler is not entitled to an evidentiary hearing because habeas review of his constitutional claim of insufficiency of the evidence is limited to the record

REPORT AND RECOMMENDATION - 1

evidence adduced at trial. *See Herrera v. Collins*, 506 U.S. 390, 402 (1993) (quoting *Jackson*, 443 U.S. at 318). The Court recommends DENYING issuance of a certificate of appealability.

## I. BACKGROUND

In a 2009 King County Superior Court jury trial, Mr. Streitler was convicted of first-degree burglary, first-degree robbery and third-degree assault. (Dkt. 6, at 1; Dkt. 14 (State Court Record, hereinafter "SCR"), Exh. 1, at 1.) The Washington Court of Appeals summarized the relevant events:

> On July 9, 2008, Gary Streitler, who is homeless, visited the University District in order to steal items. He entered the University of Washington Health Sciences Building, which is open to the public, wearing a University of Washington t-shirt and carrying a stolen backpack. The backpack was loaded with bolt cutters and other tools, along with personal items and other stolen items. He stowed the backpack and used the bolt cutters to remove the locks from several student lockers. He found another backpack which he filled with the tools, locks, and other stolen items. He then proceeded to the T-wing.
>
> Polina Zayko, a teaching assistant, arrived at her office to hold office hours. The office, room T-382, was for the private use of teaching assistants and accessible only by a key. Zayko set down her laptop and purse, containing her iPod and identification, then turned off the lights and left the room leaving the door open, going next door to speak with her professor. When she returned minutes later, her belongings were gone. Zayko went down the hall and spotted Streitler holding her laptop. She also noticed her purse inside an open backpack next to him. She leaned over and grabbed the laptop and the purse, noticing immediately that her iPod was missing from the purse. Zayko asked Streitler if he had anything else of hers, and he indicated no. When she asked for her iPod back, he clutched the backpack, turned, and fled.
>
> Zayko chased Streitler, still carrying her belongings and demanding her iPod. When she caught up with him and reached for the backpack, he shoved her against some lockers and kept running. Dropping the purse and laptop, Zayko continued to chase him. Seeing a person coming towards them in the hallway, Zayko called out to the person to stop Streitler. The person, Micayla Hinds, stood in the center of the hallway to block Streitler. He pushed Hinds out of the way, injuring her.
>
> Zayko caught up with Streitler and attempted to reclaim the backpack. The two struggled with the backpack until Streitler pushed Zayko backwards by her neck. Finally, a bystander intervened, separated Streitler from Zayko, and restrained him until the police arrived. Zayko reclaimed the backpack and found her iPod immediately.

> Streitler was charged with first degree robbery, first degree burglary, and third degree assault. The State argued at trial that Streitler committed first degree burglary when he entered Zayko's private office with the intent to commit a crime and assaulted Zayko. The State argued that Streitler committed first degree robbery when he overcame Zayko's resistance to his retention of her iPod in the backpack after she confronted him about it, as well as the assault of either Zayko or Hinds.[FN1] Finally, the State based the third degree assault charge on the bodily injury inflicted on Hinds.
>
>> [FN1.] The facts of either assault could have supported the robbery charge. The jury returned only a general verdict on the robbery charge therefore it is unclear which assault the jury used to support the robbery charge.

*State v. Streitler*, 2010 WL 1746351, at *1 & n.1 (Wash. Ct. App. May 3, 2010), *also available at* (SCR, Exh. 6, at 1–3). The state appellate court affirmed and the state supreme court denied Mr. Streitler's petition for discretionary review. *Id.*; (SCR, Exh. 11).

In September 2011, Mr. Streitler filed a state personal restraint petition ("PRP") in which he argued that there was insufficient evidence to support his conviction for first-degree robbery. (SCR, Exh. 13.) In November 2011, the Acting Chief Judge of the Washington Court of Appeals dismissed the PRP in an three-page decision. (SCR, Exh. 14.) In April 2012, the Commissioner for the Washington Supreme Court denied review in a two-page decision. (SCR, Exh. 17.)

Mr. Streitler timely filed his 28 U.S.C. § 2254 habeas petition in July 2012. *See* 28 U.S.C. § 2244(d)(1)–(2).

## II. DISCUSSION

The parties agree and the Court concludes that Mr. Streitler fully exhausted his insufficiency-of-the-evidence claim as a federal constitutional question at all levels of the state-court system during his PRP proceeding. (*See* Dkt. 11, at 6.)

**A.   Insufficiency of the Evidence**

Mr. Streitler argues that there was insufficient evidence for a rational jury to conclude that he committed first-degree robbery because (**1**) the State failed to prove that he took personal property "from the person" of Ms. Zayko, and (**2**) there was no medical evidence that

REPORT AND RECOMMENDATION - 3

Ms. Zayko suffered "bodily injury." The Court finds that it was objectively reasonable for the state courts to conclude there was sufficient evidence to convict Mr. Streitler of first-degree robbery.

Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Although federal courts look to state law for the substantive elements of the criminal offense, the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law. *See Coleman v. Johnson*, __ U.S. __, 132 S. Ct. 2060, 2064 (2012) (per curiam); *Jackson*, 443 U.S. at 324 n. 16. It is exceedingly difficult for a petitioner to demonstrate insufficiency of the evidence on federal habeas review:

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, __, 132 S. Ct. 2, 4 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S., 766, __, 130 S. Ct. 1855, 1862 (2010)).

*Coleman*, 132 S. Ct. at 2062.

### 1.   "From the Person" in Robbery Statute

Washington law defines robbery as follows:

> A person commits robbery when he or she unlawfully **takes personal property from the person of another or in his or her presence** against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW § 9A.56.190 (emphasis added). In denying his motion for discretionary review of the PRP,[1] the Commissioner for the Washington Supreme Court found there was sufficient evidence, viewed in the light most favorable to the State, to conclude that a rational trier of fact could find beyond a reasonable doubt that Mr. Streitler took property from the person of another or in his or her presence:

> [Mr. Streitler] urges specifically that he took the victim's property when she was away from the property in another room, and thus he did not take the property from her person or in her presence. But when the victim came upon Mr. Streitler holding her belongings, she grabbed her purse and laptop and demanded her iPod back. Mr. Streitler ran off, and the victim pursued. When she caught up with him, the two struggled, and Mr. Streitler pushed the victim away. Plainly, Mr. Streitler took property in the victim's presence even if the victim was not present when Mr. Streitler first took hold of the property. Robbery occurs not just when force is used to first obtain possession of property but also when force is used to retain possession or overcome resistance to the taking. RCW 9A.56.190. That is precisely what occurred here.

(SCR, Exh. 17, at 1–2.)

The Court finds that it was objectively reasonable for the state supreme court to conclude that there was sufficient evidence adduced at trial for a rational jury to convict Mr. Streitler of robbery based on his having taken an iPod from Ms. Zayko's presence. Ms. Zayko discovered Mr. Streitler in possession of her laptop and purse and confronted him about whether her iPod was inside his backpack. Mr. Streitler ran off with the backpack, struggled physically with Ms. Zayko and assaulted Ms. Hinds. The iPod was then recovered from Mr. Streitler's backpack. Mr. Streitler's citation to the unpublished state appellate case of *State v. Mitchell*, 2000 WL 1670922 (Wash. Ct. App. Nov. 6, 2000), is unavailing. In *Mitchell*, the Washington Court of Appeals reversed a conviction because the State was required to prove the taking of personal property "from the person" because it agreed to submit that narrowed definition of robbery to the jury. *Id.* at *3. In contrast, the robbery instruction in Mr. Streitler's trial followed the Washington statutory definition of robbery, i.e., that a person must

---

[1] When applying the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court reviews the "last reasoned decision" by a state court. *See Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

REPORT AND RECOMMENDATION - 5

have taken personal property from the person or in the presence of another.[2]  (SCR, Exh. 21, at Jury Instruction No. 14.)

### 2. "Bodily Injury" in First-Degree Robbery Statute

Washington law defines first-degree robbery, in relevant part, as follows:

(1) A person is guilty of robbery in the first degree if:

(a) In the commission of a robbery or of immediate flight therefrom, he or she:

…

…

(iii) **Inflicts bodily injury** . . . .

RCW 9A.56.200 (emphasis added).  The Commissioner of the Washington Supreme Court found that there was sufficient evidence, viewed in the light most favorable to the State, to conclude that a rational trier of fact could find beyond a reasonable doubt that Ms. Hinds was bodily injured:

> Mr. Streitler also argues there was insufficient evidence of bodily injury.  *See* RCW 9A.56.200(1)(a)(iii) (first degree robbery committed when in commission of robbery or in immediate flight therefrom defendant inflicts bodily injury).  But in running from the victim Streitler pushed another person out of the way and injured her.  It is not necessary that the person whose property was taken be the one injured.  And Mr. Streitler cites no authority for his argument that the injury must be proven by photographs or medical reports.

(SCR, Exh. 17, at 2.)  Similarly, the Acting Chief Judge of the Washington Court of Appeals noted that the State presented evidence that Mr. Streitler not only pushed Ms. Hinds out of the way and injured her (thus, the conviction for third-degree assault), but he also pushed Ms. Zayko away by the neck.  *Streitler*, 2010 WL 1746351, at *1 & n.1.

The Court finds that that it was objectively reasonable for the state courts to conclude that there was sufficient evidence adduced at trial for a rational jury to convict Mr. Streitler of

---

[2] The state supreme court commissioner made the same point and noted that Mr. Streitler's jury instruction provided that robbery could be proven by evidence that he "took property belonging to the victim in her presence."  (SCR, Exh. 17, at 2.)

REPORT AND RECOMMENDATION - 6

first-degree robbery based on having inflicted "bodily injury" in the course of, or in immediate flight from, the robbery.  First, as the state supreme court commissioner noted, the State presented sufficient evidence that in immediate flight from the robbery, Mr. Streitler injured Ms. Hinds, who had attempted to impede his escape.  Ms. Hinds testified that Mr. Streitler, running full speed at her, shoved her so hard she flew through the air, landed on her backside, felt pain amounting to an 8 on a 10-point scale, was taken to the emergency room on a backboard, and continued to suffer pain from that date until the time of trial.  (SCR, Exh. 22, VROP Mar. 19, 2009, at 20–21, 34–47.)  Nothing suggests that the "bodily injury" referred to in the first-degree robbery statute must be inflicted only upon the victim of the robbery as opposed to upon someone who attempts to prevent a perpetrator from escaping.  Second, Ms. Zayko testified that in the course of a struggle over her iPod in which Mr. Streitler shoved her into a locker and later pushed her away by the neck, she suffered two scratches and a bruise.  (SCR, Exh. 22, VROP Mar. 23, 2009, at 43–44, 52, 61.)  Although Mr. Streitler suggests that the State should have been required to produce medical records to substantiate Ms. Zayko's injuries, there is no question that the testimonial evidence supports the jury's conclusion that Mr. Streitler inflicted bodily injury upon either Ms. Zayko or Ms. Hinds (or both) during the course of, or in immediate flight from, the robbery.

**B.      Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends denying issuance of a COA because no jurist of reason could disagree with the Court's rejection of Mr. Streitler's claim of insufficiency of the evidence, or could conclude that his claim deserves encouragement to proceed further.

### III.  CONCLUSION

The Court recommends that Mr. Streitler's habeas petition be DENIED because it was objectively reasonable for the state courts to conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Mr. Streitler is not entitled to an evidentiary hearing because habeas review of his constitutional claim of insufficiency of the evidence is limited to the record evidence adduced at trial.  The Court recommends DENYING issuance of a certificate of appealability because Mr. Streitler cannot show a debatably valid claim of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

DATED this 26th day of February, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge